Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1ˢᵗ Cir. Loc. R. 32.3

# United States Court of Appeals
## for the First Circuit

Nos. 01-2206, 01-2574

STEVEN R. DRURY,

Plaintiff, Appellant,

v.

JOHN A. BERNARD; JEFFREY LANDGREN;
DANIEL V. PROSSER; JASON WETHERBEE;
CITY OF GARDNER; TOWN OF HUBBARDSTON

Defendants, Appellees,

KENNETH J. ARSENAULT,

Defendant.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

LYNCH, Circuit Judge,

FARRIS,* Senior Circuit Judge,

and LIPEZ, Circuit Judge.

Irwin Kwiat for appellant.
Leonard H. Kesten, with whom Deidre Brennan Regan and Brody,
Hardoon, Perkins & Kesten were on brief, for appellees Landgren,
Prosser, and Weatherbee.

_____

*Of the Ninth Circuit, sitting by designation.

Stephen Pfaff, with whom Merrick, Louison & Costello was on brief, for appellee Bernard.

December 31, 2002

**Per Curiam.** Drury brought this 42 U.S.C. § 1983 action against police officers alleging wrongful arrest and excessive force. He appeals the district court's order denying his motion for a judgment as a matter of law and for a new trial, and the district court's entry of judgment on the defense verdict, following a nine-day jury trial. We affirm.

We reject Drury's argument that he proved all allegations in his complaint as a matter of law. We review this claim de novo. See Cigna Ins. Co. v. Saunatec, Ltd., 241 F.3d 1, 8 (1st Cir. 2001). Judgment as a matter of law should be granted only if "the evidence, together with all reasonable inferences in favor of the verdict, could lead a reasonable person to only one conclusion, namely, that the moving party was entitled to judgment." Marrero v. Goya of P.R., Inc., 304 F.3d 7, 22 (1st Cir. 2002) (internal quotation marks omitted). Drury had the burden of proof. At best, he demonstrated only that there is disputed evidence regarding the officers' actions. He has failed to establish his case by "testimony that the jury is not at liberty to disbelieve" and by evidence that is "uncontradicted and unimpeached." Id. (internal quotation marks omitted); see also Wagenmann v. Adams, 829 F.2d 196, 205 (1st Cir. 1987).

We reject Drury's contention that the court erred by denying his motion for a new trial and motion for a mistrial. We review this claim for abuse of discretion. See Cigna, 241 F.3d at 8;

-3-

United States v. Pierro, 32 F.3d 611, 617 (1st Cir. 1994). To the extent this contention is premised on the district court's admission of evidence, Drury bears the double burden of showing abuse of discretion as to the admission of evidence *and* as to the denial of the mistrial/new trial. See Tamko Roofing Prods., Inc. v. Ideal Roofing Co., 282 F.3d 23, 39 (1st Cir. 2002). The record shows both sufficient evidence and sufficient reasons for admitting this evidence. Drury has not and cannot show that the outcome of the trial "is against the clear weight of the evidence such that upholding the verdict will result in a miscarriage of justice." Cigna, 241 F.3d at 8 (internal quotation marks omitted).

We also reject Drury's argument that the district court erred by failing to instruct the jury regarding his First Amendment rights related to disorderly conduct, and by failing to discuss his First Amendment rights in response to a jury question. We review jury instructions de novo. See Gifford v. Am. Canadian Carribean Line, Inc., 276 F.3d 80, 84 (1st Cir. 2002). The trial court's refusal to give Drury's instruction on disorderly conduct constitutes reversible error only "if the requested instruction was (1) correct as a matter of substantive law, (2) not substantially incorporated into the charge as rendered, and (3) integral to an important point in the case." Cigna, 241 F.3d at 8 (internal quotation marks omitted). Drury's requested instruction is not a correct statement of Massachusetts law. "Fighting words" can be an

element of disturbing the peace in Massachusetts. <u>Commonwealth</u> v. <u>Richards</u>, 340 N.E.2d 892, 897 (Mass. 1976). The court did not err by instructing on disorderly conduct with that in mind. It gave a correct statement of Massachusetts law.

Jury instructions given during the course of deliberations come "at a particularly delicate juncture" and require the court to construct its wording carefully. <u>Sheek</u> v. <u>Asia Badger, Inc.</u>, 235 F.3d 687, 690 (1st Cir. 2000). However, as long as the court correctly addresses the issue submitted by the jury, it may amplify the instruction at its discretion. <u>See</u> <u>Testa</u> v. <u>Wal-Mart Stores, Inc.</u>, 144 F.3d 173, 176 (1st Cir. 1998). We have carefully reviewed the record. The judge considered Drury's arguments and rejected them for adequate reasons consonant with Massachusetts law.

**Affirmed**.